UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BEAN MAINE LOBSTER, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:23-cv-00129-JAW ) |
| MONTEREY BAY AQUARIUM FOUNDATION, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION TO EXTEND ANSWER DEADLINE AND ENTER BRIEFING SCHEDULE ON MOTIONS TO CERTIFY ISSUES FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS**

On March 14, 2023, Bean Maine Lobster, Inc., Maine Lobstermen's Association, Inc., Maine Coast Fishermen's Association, Inc., Maine Lobster and Processing, LLC d/b/a Atwood Lobster, LLC, and Bug Catcher, Inc. (together, the Plaintiffs) filed a defamation claim against the Monterey Bay Aquarium Foundation (MBAF). *Compl.* (ECF No. 1). MBAF moved to dismiss the complaint on jurisdictional and substantive grounds on May 22, 2023. *Def. Monterey Bay Aquarium Found.'s Mot. to Dismiss for Lack of Pers. Jurisdiction (Fed. R. Civ. P. 12(b)(2)) or, in the Alt., Transfer Venue Due to Forum Non Conveniens (28 U.S.C. 1404(a)), or Dismiss Under Me.'s Anti-SLAPP Statute (14 M.R.S. § 556), or Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Fed. R. Civ. P. 12(b)(6))* (ECF No. 19). On February 6, 2025, the Court denied MBAF's motion to dismiss. *Order on Mot. to Dismiss* (ECF No. 56).

Following dismissal, MBAF was obligated to answer the Plaintiffs' complaint by February 20, 2025. *See* FED. R. CIV. P. 12(a)(4)(A). However, on February 18, 2025, MBAF filed a motion to extend time to file an answer, informing the Court that it would be appealing the Court's decision to deny its motion to dismiss under Maine's anti-SLAPP[1] statute and of its intention to file motions for certification of additional issues for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay proceedings in this Court pending appeal. *Def. Monterey Bay Aquarium Found.'s Mot. to Extend Answer Deadline and Enter Briefing Schedule on Mots. to Certify Issues for Interlocutory Appeal and to Stay Proceedings* (ECF No. 57) (*Def.'s Mot.*). In its motion, MBAF proposed a deadline of February 27, 2025 for filing its motions for interlocutory appeal and to stay, of March 20, 2025 for the filing of Plaintiffs' responses, and of March 31, 2025 for its own reply. *Id.* at 3. MBAF maintained that extending the deadline for MBAF to answer the complaint until after the Court rules on the contemplated motions for certification of interlocutory appeal and for stay would serve the Court's interest in judicial economy. *Id.* On February 19, 2025, a United States Magistrate Judge ordered the answer deadline extended until the Court resolves the present motion. *Order* (ECF No. 58).

On February 21, 2025, the Plaintiffs responded to the Defendant's motion for extension, accepting MBAF's proposed extension of the answer deadline in part but objecting to an indefinite extension of the answer deadline until after the Court rules

---

[1] "Anti-SLAPP," as used by both parties, is a commonly used shorthand to refer to Maine's so-called "Strategic Lawsuit Against Public Participation" statute, 14 M.R.S. § 556. *See, e.g.*, *Schelling v. Lindell*, 2008 ME 59, ¶ 6, 942 A.2d 1226; *Godin v. Schencks*, 629 F.3d 79, 84 (1st Cir. 2010).

2

on the contemplated motion for stay. *Pls.' Resp. to Def. Monterey Bay Aquarium Found.'s Mot. to Extend Answer Deadline and Enter Briefing Schedule on Mots. to Certify Issues for Interlocutory Appeal and to Stay Proceedings* (ECF No. 59) (*Pls.' Opp'n*). Instead, the Plaintiffs proposed an answer deadline of March 6, 2025, or twenty-eight days after the Court's order on MBAF's motion to dismiss, for filing of its answer. *Id.* at 1. Plaintiffs asserted there is no good cause for an indefinite extension, arguing MBAF is essentially requesting a stay and that such stay would prejudice the Plaintiffs by delaying discovery while their "damages continue to mount." *Id.* at 2-3. An answer deadline of March 6, 2025 would not impose any hardship on MBAF, Plaintiffs submitted, and would serve the interests of judicial economy by progressing a case that has already been pending for nearly two years. *Id.* at 3. Plaintiffs noted they do not oppose MBAF's proposed briefing schedule on its contemplated motions for certification of issues for interlocutory appeal and for stay pending appeal. *Id.* at 4.

MBAF replied on February 27, 2025, confirming that it appealed the Court's order denying relief under the Maine anti-SLAPP statute with the First Circuit Court of Appeals as a matter of right and further has filed in this Court motions for certification of additional issues for interlocutory appeal and to stay proceedings. *Def.'s Reply Mem. in Support of Mot. to Extend Answer Deadline Until Further Order of Ct.* (ECF No. 66) (*Def.'s Reply*); *see also Notice of Appeal* (ECF No. 67); *Def.'s Mot. to Certify the Ct.'s Feb. 6, 2025 Order for Interlocutory Appeal* (ECF No. 64) (*Def.'s Mot. to Certify*); *Def.'s Mot. to Stay Proceedings Pending Interlocutory Appeal* (ECF

3

No. 65) (*Def.'s Mot. to Stay*). MBAF contended this Court has previously stayed proceedings pending appeal on anti-SLAPP grounds, *Def.'s Reply* at 1-2 (citing *Franchini v. Bangor Publ'g Co., Inc.*, 1:18-cv-00015-GZS, *Order on Mot. to Stay* (ECF No. 66) (D. Me. April 25, 2019)), and that "[t]he anti-SLAPP appeal pertains to all of Plaintiffs' Complaint and every claim in this case." *Id.* at 2. MBAF requested the Court hold the answer deadline in abeyance until it resolves the newly filed motions to certify and to stay. *Id.* at 2-3.

As the Plaintiffs do not object and the Court deems the proffered deadlines reasonable, the Court accepts MBAF's proposed briefing schedule for its contemplated motions to certify and stay. In accordance with its proposed schedule, MBAF filed its motions on February 27, 2025. *See Def.'s Mot. to Certify*; *Def.'s Mot. to Stay*. The Court thus orders Plaintiffs to file responses by March 20, 2025, and MBAF to reply by March 31, 2025.

Regarding the setting of a deadline to answer the complaint, the Court concludes the propriety of setting an answer deadline is interwoven with the merits of the motions to certify and stay. As such, the Court deems the prudent course forward would be to afford both parties an opportunity to fully brief these issues raised in the pending motions, rather than issuing a hasty ruling based on an incomplete record. The Court will thus defer the setting of an answer deadline until resolution of the motions to certify and to stay.

The Court GRANTS Defendant Monterey Bay Aquarium Foundation's Motion to Extend Answer Deadline and Enter Briefing Schedule on Motions to Certify Issues for Interlocutory Appeal and to Stay Proceedings (ECF No. 57).

The Court ORDERS the Plaintiffs to respond to the Defendant's Motion to Certify the Court's February 6, 2025 Order for Interlocutory Appeal (ECF No. 64) and Motion to Stay Proceedings Pending Interlocutory Appeal (ECF No. 65) by March 20, 2025. The Court further ORDERS Defendant Monterey Bay Aquarium Foundation to file any reply by March 31, 2025.

The Court holds in abeyance the setting of a deadline to answer the complaint until resolution of the pending motions.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2025