UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BEAN MAINE LOBSTER, INC., MAINE LOBSTERMEN'S ASSOCIATION, INC., MAINE COAST FISHERMEN'S ASSOCIATION, INC., MAINE LOBSTER AND PROCESSING, LLC d/b/a ATWOOD LOBSTER, LLC., and BUG CATCHER, INC., <br><br> Plaintiffs, <br><br> - v. - <br><br> MONTEREY BAY AQUARIUM FOUNDATION, <br><br> Defendant. | Civ. Action No. 2:23-CV-00129-JAW |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY THE COURT'S FEBRUARY 6, 2025 ORDER FOR INTERLOCUTORY APPEAL**

RUPRECHT & BISCHOFF LLP
75 Market Street, Suite 303
Portland, ME 04101
(207) 618-5400

VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

I.     This Court's application of the "of and concerning" element did not break new legal ground, and instead consisted of an "essentially factual analysis" that is poorly suited for interlocutory review. ................................................................................................. 3

II.    Whether a challenged statement constitutes fact or opinion is a fact-driven inquiry that turns on the totality of the circumstances, and the law is well settled. ...................... 6

III.   Immediate appeal would not advance the ultimate termination of this litigation. ............... 9

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adar Bays, LLC v. Aim Explor., Inc.*,
   310 F. Supp. 3d 454 (S.D.N.Y. 2018)..................................................................................3

*Adv. Tech. Corp. v. Instron, Inc.*,
   66 F. Supp. 3d 263 (D. Mass. 2014) ....................................................................................9

*Advance DX, Inc. v. YourBio Health, Inc.*,
   No. 24-10595-WGY, 2024 U.S. Dist. LEXIS 180874 (D. Mass. Oct. 3, 2024).........................9

*Arcand v. Evening Call Pub. Co*,
   567 F.2d 1163 (1st Cir. 1977).......................................................................................4, 5, 9

*Ayyadurai v. Walsh*,
   Civil Action No. 20-cv-11531-ADB, 2021 U.S. Dist. LEXIS 145130 (D. Mass. Aug. 3, 2021)......................................................................................................6

*In re Bailey*,
   592 B.R. 400 (1st Cir. BAP 2018) ........................................................................................5

*Ballard v. Wagner*,
   2005 ME 86, 877 A.2d 1083................................................................................................6, 7, 8

*Camacho v. P.R. Ports Auth.*,
   369 F.3d 570 (1st Cir. 2004)................................................................................................1

*Caraballo-Seda v. Municipality of Hormigueros*,
   395 F.3d 7 (1st Cir. 2005)...........................................................................................2, 3, 5, 9

*Caron v. Bangor Publ'g Co.*,
   470 A.2d 782 (Me. 1984).....................................................................................................7

*Caruso v. City of New York*,
   No. 06 CIV. 5997 RA, 2013 U.S. Dist. LEXIS 175617 (S.D.N.Y. Dec. 12, 2013) ............................................................................................................................2

*Cate Street Cap. Inc. v. Indus. Intelligence, Inc.*,
   No. 1:14-cv-00200-JCN, 2015 U.S. Dist. LEXIS 146617 (D. Me. Oct. 28, 2015) ............................................................................................................................7

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*,
   No. 3:19-cv-137-SI, 2020 U.S. Dist. LEXIS 12050 (D. Or. Jan. 24, 2020) .............................2

*Conformis, Inc. v. Aetna, Inc.*,
    58 F.4th 517 (1st Cir. 2023).................................................................................7, 8, 9

*Durand v. Goguen*,
    419 F. Supp. 3d 174 (D. Mass. 2019) ...............................................................................9

*Edwards v. Schwartz*,
    378 F. Supp. 3d 468 (W.D. Va. 2019) ...............................................................................9

*Eshelman v. Puma Biotechnology, Inc.*,
    No. 7:16-CV-18-D, 2017 U.S. Dist. LEXIS 221905 (E.D.N.C. May 24, 2017) ........................2

*Estevez-Yalcin v. The Children's Village*,
    No. 01-CV-8784 (KMK), 2006 U.S. Dist. LEXIS 85792 (S.D.N.Y. Nov. 27,
    2006) ................................................................................................................................5

*In re Facebook, Inc.*,
    986 F. Supp. 2d 428 (S.D.N.Y. 2014)................................................................................6

*Garey v. Stanford Mgmt., LLC*,
    2024 ME 46, 319 A.3d 1022.............................................................................................3

*Harriscom Svenska AB v. Harris Corp.*,
    947 F.2d 627 (2d Cir. 1991)..............................................................................................4

*Hermes Int'l v. Rothschild*,
    590 F. Supp. 3d 647 (S.D.N.Y. 2022)................................................................................2

*Hudson v. Guy Gannett Broad. Co.*,
    521 A.2d 714 (Me. 1987)..........................................................................................3, 4, 5

*Lester v. Powers*,
    596 A.2d 65 (Me. 1991)....................................................................................................7

*Leuthy v. LePage*,
    No. 1:17-cv-00296-JAW, 2018 U.S. Dist. LEXIS 175740 (D. Me. Oct. 12,
    2018) (Woodcock, J.).......................................................................................................2

*Loeb v. Globe Newspaper Co.*,
    489 F. Supp. 481 (D. Mass. 1980) ...................................................................................4

*Loftus v. Nazari*,
    21 F. Supp. 3d 849 (E.D. Ky. 2014) .................................................................................6

*Mamani v. Berzain*,
    825 F.3d 1304 (11th Cir. 2016) .....................................................................................1, 3

*In re Manhattan Inv. Fund Ltd.*,
   288 B.R. 52 (S.D.N.Y. 2002) ................................................................................................ 9

*McGillicuddy v. Clements*,
   746 F.2d 76 (1st Cir. 1984) .................................................................................................... 5

*Michaels v. Agape Senior Cmty., Inc.*,
   848 F.3d 330 (4th Cir. 2017) ................................................................................................. 3

*Miklovich v. Lorain Journal Co.*,
   497 U.S. 1 (1990) .................................................................................................................. 7

*Murtagh v. St. Mary's Regional Health Ctr.*,
   No. 1:12-cv-00160-NT, 2013 U.S. Dist. LEXIS 136223 (D. Me. Sept. 23,
   2013) ..................................................................................................................................... 7

*Nice v. L-3 Comm'ns Vertex Aerospace LLC*,
   885 F.3d 1308 (11th Cir. 2018) ............................................................................................. 3

*ONY, Inc. v. Cornerstone Therapeutics, Inc.*,
   720 F.3d 490 (2d Cir. 2013) .................................................................................................. 9

*Pacira BioSciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*,
   63 F.4th 240 (3d Cir. 2023) ................................................................................................... 9

*Palandjian v. Pahlavi*,
   782 F.2d 313 (1st Cir. 1986) .................................................................................................. 1

*Pan Am Sys., Inc. v. Atl. Northeast Rails & Ports, Inc.*,
   804 F.3d 59 (1st Cir. 2015) .................................................................................................... 3

*Pan Am. Sys., Inc. v. Hardebnergh*,
   871 F. Supp. 2d 6 (D. Me. 2012) .......................................................................................... 6

*Phantom Touring, Inc. v. Affiliated Publications*,
   953 F.2d 724 (1st Cir. 1992) .................................................................................................. 8

*Philip Morris, Inc. v. Harshbarger*,
   957 F. Supp. 327 (D. Mass. 1997) ................................................................................... 5, 9

*Robinson v. Guy Gannet Pub. Co.*,
   297 F. Supp. 722 (D. Me. 1969) ........................................................................................... 3

*Sec. & Exch. Comm'n v. Gastauer*,
   93 F.4th 1 (1st Cir. 2024) ...................................................................................................... 1

*Thomas v. Jacksonville Television, Inc.*,
   699 So. 2d 800 (Fla. Dist. Ct. App. 1997) ............................................................................ 6

*Torrey v. Infectious Diseases Soc'y of Am.*,
    86 F.4th 701 (5th Cir. 2023) ..................................................................................9

*True v. Ladner*,
    513 A.2d 257 (Me. 1986)......................................................................................7

*United Air Lines Inc. v. Gregory*,
    716 F. Supp. 2d 79 (D. Mass. 2010) .........................................................3, 4, 6, 8

**Statutes**

28 U.S.C. § 1292(b) .........................................................................................................2, 3

**Other Authorities**

1 Sack on Defamation § 4:3.7.............................................................................................7

Restatement (Second) of Torts § 564A..........................................................................4, 5

Plaintiffs Bean Maine Lobster, Inc. ("BML"), Maine Lobstermen's Association, Inc. ("MLA"), Maine Coast Fishermen's Association, Inc. ("MCFA"), Maine Lobster and Processing, LLC d/b/a/ Atwood Lobster, LLC, and Bug Catcher, Inc. (collectively, "Plaintiffs") respectfully submit this opposition to the motion to certify the Court's February 6, 2025 order for interlocutory appeal [ECF No. 64] ("Motion to Certify") filed by Defendant Monterey Bay Aquarium Foundation (the "Aquarium"). The Motion to Certify should be denied because the Court's February 6, 2025 order [ECF No. 56] ("MTD Order") does not present a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not hasten resolution of this action.

## INTRODUCTION

In a thorough opinion, this Court considered and rejected the Aquarium's motion to dismiss this action. Dissatisfied with the Court's decision, the Aquarium now asks the Court to take the extraordinary step of certifying an interlocutory appeal of its order denying the motion to dismiss. But nothing about this Court's well-reasoned order justifies a departure from the "general rule" that courts "do not grant interlocutory appeals from a denial of a motion to dismiss." *Sec. & Exch. Comm'n v. Gastauer*, 93 F.4th 1, 8 (1st Cir. 2024) (cleaned up). Such appeals are "hen's-teeth rare," *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004), granted "sparingly and only in exceptional circumstances," *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986) (cleaned up). There are no such "exceptional circumstances" here.

The Aquarium's motion insists that the Court's order involves two novel and controlling legal questions: (1) whether the Aquarium's statements directed at the Maine lobster industry "concern" Plaintiffs individually; and (2) whether its statements regarding the effects of Maine lobster fishing practices on the North Atlantic right whale consist of verifiable fact, or protected opinion. (Motion to Certify 1.) But as the Court's opinion makes clear, these questions involve an in-depth application of the law to the particular facts alleged. Neither one of these questions is "an abstract legal issue that the court of appeals can decide quickly and cleanly." *Mamani v.*

1

*Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016) (cleaned up). And the relevant principles of Maine law are ironclad, leaving no substantial ground for differences of opinion.

The Aquarium's and amici's attempt to manufacture exceptional circumstances warranting immediate review is unavailing. The Aquarium contends that "special" First Amendment reasons exist to certify interlocutory appeal—but this Court and others routinely deny certification of First Amendment issues at the motion to dismiss stage. *See, e.g.*, *Leuthy v. LePage*, No. 1:17-cv-00296-JAW, 2018 U.S. Dist. LEXIS 175740, at *3 (D. Me. Oct. 12, 2018) (Woodcock, J.); *Hermes Int'l v. Rothschild*, 590 F. Supp. 3d 647, 649 (S.D.N.Y. 2022); *Caruso v. City of New York*, No. 06 CIV. 5997 RA, 2013 U.S. Dist. LEXIS 175617, at *2 (S.D.N.Y. Dec. 12, 2013). Indeed, courts deny interlocutory certification at the motion to dismiss stage even when a defendant's anti-SLAPP motions have been appealed as a matter of right. *See, e.g., Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.,* No. 3:19-cv-137-SI, 2020 U.S. Dist. LEXIS 12050, at *4–10 (D. Or. Jan. 24, 2020); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 U.S. Dist. LEXIS 221905, at *3 (E.D.N.C. May 24, 2017). And for good reason: Certifying an interlocutory appeal any time a case implicates constitutional rights would swallow the rule against piecemeal litigation and undermine this Court's authority to decide the issues before it in the first instance.

## ARGUMENT

The issues identified by the Aquarium do not merit the rare remedy of interlocutory appeal. Interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate only where: (1) the challenged order involves "a controlling question of law"; (2) there exists "a substantial ground for difference of opinion" on that pivotal legal issue; and (3) an interlocutory appeal would "materially advance the ultimate termination of the litigation." *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005). Neither this Court's application of the "of and concerning" element, nor its conclusion that the Lobster Report could be interpreted as fact, clears this high bar.

**I.   This Court's application of the "of and concerning" element did not break new legal ground, and instead consisted of an "essentially factual analysis" that is poorly suited for interlocutory review.**

Under Maine law, as elsewhere, only statements "of and concerning" the plaintiff may support a claim for defamation. *Garey v. Stanford Mgmt., LLC*, 2024 ME 46, ¶ 9, 319 A.3d 1022, 1027 n.3 (quoting *Hudson v. Guy Gannett Broad. Co.*, 521 A.2d 714, 717–78 (Me. 1987)). A defamatory statement "concerns" the plaintiff whenever "its recipient correctly, or mistakenly but reasonably, understands that it was intended to refer" to them. *Hudson*, 521 A.2d at 717 (quoting Restatement (Second) of Torts § 564). This issue presents a "factual analysis," and turns on how the statement was actually understood—not how "the average or ordinary recipient of the communication" would perceive it. *Id.* And it is enough that "at least one person" understood the statement to refer to the plaintiff individually. *Id.*; *Robinson v. Guy Gannet Pub. Co.*, 297 F. Supp. 722, 726 (D. Me. 1969) ("Although it is not necessary that the publication on its face mention the plaintiff by name, if its application to the plaintiff depends upon extrinsic circumstances, he must show that it was actually understood as referring to him.").[1]

**1.** *No "Controlling Question of Law."* Interlocutory appeal is appropriate under § 1292(b) only to address controlling issues of law, *Caraballo-Seda*, 395 F.3d at 9, not mixed questions of law and fact. *See, e.g.*, *Nice v. L-3 Comm'ns Vertex Aerospace LLC*, 885 F.3d 1308, 1313 (11th Cir. 2018); *Adar Bays, LLC v. Aim Explor., Inc.*, 310 F. Supp. 3d 454, 456 (S.D.N.Y. 2018). Interlocutory appeal "is not appropriate where, for example, the question presented turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case." *Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017) (cleaned up); *Mamani*, 825 F.3d at 1312. "[T]he issue must relate to the actual legal principle itself, not the application of that principle to a particular set of facts." *United Air Lines Inc. v.*

---

[1] Notably, the Court did not hold that the statements at issue were "of and concerning" Plaintiffs, only that a reasonable jury could reach this conclusion based on the facts alleged. As the First Circuit, applying Maine law, has made clear, if a statement is susceptible to multiple reasonable interpretations "it is up to a jury to decide whether the statement was in fact understood as defamatory by its recipients." *Pan Am Sys., Inc. v. Atl. Northeast Rails & Ports, Inc.*, 804 F.3d 59, 64 (1st Cir. 2015) (citing *Schoff v. York City.*, 761 A.2d 869, 871 n. 2 (Me.2000)).

3

*Gregory*, 716 F. Supp. 2d 79, 92 (D. Mass. 2010); *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) ("Where . . . the controlling issues are questions of fact . . . the federal scheme does not provide for an immediate appeal.").

   The Aquarium's efforts to cast the Court's "of and concerning" holding as a pure legal issue is meritless. To decide whether statements "concern" the plaintiff, courts perform an "essentially factual analysis," not a pure legal inquiry. *Hudson*, 521 A.2d at 717. That is particularly the case when a plaintiff claims defamation based on statements directed at a group, requiring allegations that the "circumstances" of publication suggest the statement defamed the plaintiff individually. *See* Restatement (Second) of Torts § 564A; *accord Arcand v. Evening Call Pub. Co*, 567 F.2d 1163, 1164 (1st Cir. 1977) (holding that defamation of a large group may be actionable if its member "can show special application of the defamatory matter to himself" (citation omitted)); *Loeb v. Globe Newspaper Co.*, 489 F. Supp. 481, 483 (D. Mass. 1980). Because this analysis requires application "to a particular set of facts," interlocutory certification is inappropriate at the motion to dismiss stage. *Gregory*, 716 F. Supp. 2d at 92.

   This Court's analysis proceeded along those fact-bound lines. The Court applied settled principles of Maine law to the facts alleged in the Complaint, concluding that Plaintiffs have plausibly alleged that "at least one" person understood the Aquarium's statements to refer to Plaintiffs. (MTD Order 107–12.) Taking those allegations as true, the Court observed that large scale commercial buyers and restaurant chains stopped selling Maine lobster following the release of the Aquarium's report. (Complaint [ECF No. 1] ¶¶ 81–82.) Thereafter, the per-pound price of Maine lobster dropped to $3.89, little more than half its value during the same period in 2021. (*Id.* ¶ 84.) And all five Plaintiffs allege that they lost customers and other business relationships as a result of the publication: One of Atwood's major purchasers stopped buying its Maine-caught lobster due to the Aquarium's statements (*id.* ¶ 83); Bug Catcher's sales declined by 20% after the statements were published (*id.* ¶ 85); and BML, MLA, and MCFA all allege economic harm arising from those statements (*id.* ¶¶ 86–88). These factual allegations showed that at least some readers actually understood the Aquarium's statements to "concern"

Plaintiffs (and acted to Plaintiffs' detriment on that basis).  The Court properly concluded that these allegations were sufficient to meet the "of and concerning" element at the pleading stage, as required to sustain a defamation claim.  *Hudson*, 521 A.2d at 717.  The Court's conclusion rested on an "essentially factual analysis" of the allegations in the Complaint, *id.*, and did not amount to a novel or unprecedented legal holding worthy of interlocutory appellate review.

     **2. *No "Difference in Opinion."***  To meet the second requirement, the Aquarium must establish a controlling issue for which there exists "a substantial ground for difference of opinion."  *Caraballo-Seda*, 395 F.3d at 9 (quoting 28 U.S.C. § 1292(b)).  "Even when the issue is controlling, it is rare that a substantial ground for difference of opinion exists."  *In re Bailey*, 592 B.R. 400, 410 (1st Cir. BAP 2018).  The fact that an issue is one of first impression does not justify the extraordinary measure of certifying interlocutory appeal.  *See id.* at 413 ("Simply because the First Circuit has not ruled on the question does not qualify the issue as one for which there is substantial disagreement.").  Rather, there must exist "one or more difficult and pivotal questions of law not settled by controlling authority."  *Philip Morris, Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997); *accord McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984).  And such "conflict" must speak to "the underlying legal rule" itself; "merely quibbling with this Court's application of the facts to the law" does not suffice.  *Estevez-Yalcin v. The Children's Village*, No. 01-CV-8784 (KMK), 2006 U.S. Dist. LEXIS 85792, at *12 (S.D.N.Y. Nov. 27, 2006).

     While the Aquarium may disagree with the Court's application of the law to the alleged facts, the relevant legal principles are settled and beyond reasonable debate.  As detailed above, Maine law and the Restatement (Second) of Torts provide that defamation directed at a group may be actionable if the "circumstances" of publication indicate that the statements were understood to refer to the plaintiff.  *Hudson*, 521 A.2d at 717; *Arcand*, 567 F.2d at 1164; Restatement (Second) of Torts § 564A.

     The Aquarium insists that this Court's application of the state-law "of and concerning" element to statements about roughly 5,600 Maine lobstermen is novel and unprecedented.  But

even if true, the application of settled legal principles to new factual scenarios does not warrant interlocutory appeal. *Gregory*, 716 F. Supp. 2d at 92 ("[T]he issue must relate to the actual legal principle itself, not the application of that principle to a particular set of facts."); *In re Facebook, Inc.*, 986 F. Supp. 2d 428, 483 (S.D.N.Y. 2014) ("[T]hat established law has not been applied to a unique set of facts does not create an issue of first impression; if it did, virtually any case might qualify."). Because this Court's order applied settled legal principles, its opinion does not warrant interlocutory review, even where it applied those principles in a new factual context.

The Aquarium's attempt to construct a substantial ground for difference of opinion by referencing cases outside this Circuit (Motion to Certify 10) fares no better. None of those cases holds that statements addressing a group are not actionable *as a matter of law*. Rather, they found that the *facts* did not support a finding that the challenged statements concerned the plaintiffs. *See, e.g.*, *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 805 (Fla. Dist. Ct. App. 1997) (noting that the Restatement "contemplates a situation such as this, in which defamation of commercial net fishing has a personal application to each" fisherman, but finding the claim insufficiently pled).[2]

## II. Whether a challenged statement constitutes fact or opinion is a fact-driven inquiry that turns on the totality of the circumstances, and the law is well settled.

There is nothing novel about the Court's conclusion that the Aquarium's statements contain verifiable facts, rather than protected opinions. (MTD Order 115–23.) In Maine, courts "look to the totality of the circumstances and to whether the statement was intended to state an objective fact or a personal observation." *Ballard v. Wagner*, 2005 ME 86, ¶ 11, 877 A.2d 1083, 1087–88; *Pan Am. Sys., Inc. v. Hardebnergh*, 871 F. Supp. 2d 6, 19 (D. Me. 2012). "The crucial difference between statement of fact and opinion depends upon [how] ordinary persons hearing

---

[2] Other cases the Aquarium cites for this principle do not actually apply the group libel rule. *See, e.g.*, *Loftus v. Nazari*, 21 F. Supp. 3d 849, 854 (E.D. Ky. 2014) (dismissing libel claim directed at whole "medical profession" only on grounds that statements were protected opinion); *Ayyadurai v. Walsh*, Civil Action No. 20-cv-11531-ADB, 2021 U.S. Dist. LEXIS 145130, at *26–29 (D. Mass. Aug. 3, 2021) (reciting rules against group defamation, but finding that plaintiff failed to allege actual malice).

or reading the matter . . . would be likely to understand it." *Caron v. Bangor Publ'g Co.*, 470 A.2d 782, 785 (Me. 1984).  And even statements that are presented as opinions may be actionable if they "imply an assertion of objective fact." *Miklovich v. Lorain Journal Co.*, 497 U.S. 1, 18–19 (1990); *accord Lester v. Powers*, 596 A.2d 65, 71 (Me. 1991); *True v. Ladner*, 513 A.2d 257, 262 (Me. 1986) (holding the same under Maine law).

      **1.**  *No "Controlling Question of Law."*  The Aquarium mischaracterizes Robert Sack's treatise when it argues that "whether a statement is fact or opinion is a matter of law for the court to decide."  (Motion to Certify 9.)  The Aquarium omits key language from Sack's treatise: "Some state courts, however, take the position that . . . where the alleged defamatory remarks could be determined either as fact or opinion, the court cannot say as a matter of law that the statements were not understood as fact."  1 Sack on Defamation § 4:3.7.  Maine is one such state: The Supreme Judicial Court has held that "[i]f the average reader could reasonably understand the statement as either fact or opinion," its classification is a question of fact, not of law.  *Caron v. Bangor Publishing Co.*, 470 A.2d 782, 784 (Me. 1984); *accord Ballard*, 877 A.2d at 1087–88; *True*, 513 A.2d at 261–62; *see also Cate Street Cap. Inc. v. Indus. Intelligence, Inc.*, No. 1:14-cv-00200-JCN, 2015 U.S. Dist. LEXIS 146617, at *10–11 (D. Me. Oct. 28, 2015); *Murtagh v. St. Mary's Regional Health Ctr.*, No. 1:12-cv-00160-NT, 2013 U.S. Dist. LEXIS 136223, at *24 (D. Me. Sept. 23, 2013).

      Thus, as the First Circuit recently explained, unless a statement is unambiguously factual, the court cannot determine its classification as a matter of law on a motion to dismiss:

> The determination of whether a statement is fact or opinion is a question of law "if the statement unambiguously constitutes either fact or opinion," but a question of fact "if the statement reasonably can be understood both ways." . . . At the pleading stage, then, a statement that can reasonably be understood as either fact or opinion is sufficient to survive a motion to dismiss.

*Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 531 (1st Cir. 2023) (citations omitted).  That is exactly the approach the Court took here.  The Court noted that the Aquarium cited scientific reports and the Seafood Watch rating system to state that Plaintiffs' fishing practices were "putting [the right whale] at risk of extinction," and that their "management measures . . . have

7

not been successful at reducing serious injury and mortality." (MTD Order 115–19.) It observed that the Aquarium made no effort to qualify its statements as mere opinion; discounted scientific evidence offered by Plaintiffs; and distorted its citations to the underlying reports. (*See* MTD Order 116–19.) And it concluded that (1) a reasonable reader could interpret the statements either as opinion or fact; and (2) "Plaintiffs have plausibly alleged that readers . . . understood [the Aquarium's] Statements as presenting objectively verifiable facts." (MTD Order 123.)

That analysis, dependent on "the totality of the circumstances," *Ballard*, 877 A.2d at 1087, required an application of law to fact, not a pure decision of law. Because this Court's order does not implicate "the actual legal principle" governing when opinions contain implicit verifiable facts, and merely applied "that principle to a particular set of facts," *Gregory*, 716 F. Supp. 2d at 92, this issue is also inappropriate for interlocutory appeal.

**2.** *No "Difference of Opinion."* The framework for evaluating whether statements contain assertions of fact has stood for decades, *Ballard*, 877 A.2d at 1087–88, and the rules governing statements with citations to scientific sources are firmly rooted in circuit precedent, *e.g.*, *Conformis*, 58 F.4th at 532. The Aquarium cannot show any significant difference of opinion on these principles.

First, the Aquarium miscasts this part of the MTD Order as rendering actionable all statements made in the context of a debate around unsettled scientific principles. (*See* Motion to Certify 9.) The First Circuit has held that statements contain verifiable facts when they "suggest an appraisal . . . against objective professional or scientific standards," particularly when the defendant distorts or misrepresents the underlying data. *Conformis*, 58 F.4th at 532. As the Court found, the Aquarium did not qualify its statements as opinion or present all sides of the issue in order to communicate scientific insights. (*See* MTD Order 115–23.) *See also Phantom Touring, Inc. v. Affiliated Publications*, 953 F.2d 724, 730 (1st Cir. 1992) (holding that articles presenting "all sides of the issue, as well as the rationale for [the author's] view," are not actionable). Accordingly, because the Aquarium neither qualified its statements as opinion nor presented all sides of the issue to communicate scientific insights, it "cannot take refuge in the

8

hallowed halls of scientific debate." *See Conformis*, 58 F.4th at 534; *e.g.*, *Advance DX, Inc. v. YourBio Health, Inc.*, No. 24-10595-WGY, 2024 U.S. Dist. LEXIS 180874, at *9–11 (D. Mass. Oct. 3, 2024); *Adv. Tech. Corp. v. Instron, Inc.*, 66 F. Supp. 3d 263, 271 (D. Mass. 2014).

Second, the Aquarium suggests that this Court's findings on the fact-opinion dichotomy conflict with the law of other jurisdictions. That statement is wrong and irrelevant. Whatever the law may be in other circuits, the First Circuit is clear: Statements asserting scientific conclusions only constitute opinions when they relate to unsettled science, not where they apply "objective professional or scientific standards." *Conformis, Inc.*, 58 F.4th at 532. The out-of-circuit cases offered by the Aquarium are in alignment. *See, e.g.*, *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 497 (2d Cir. 2013) (treating as opinion statements drawn "from non-fraudulent data, based on accurate descriptions of the data and methodology underlying those conclusions, on subjects about which there is legitimate ongoing scientific disagreement"); *Pacira BioSciences, Inc. v. Am. Soc'y of Anesthesiologists, Inc.*, 63 F.4th 240, 246 (3d Cir. 2023) (same); *Torrey v. Infectious Diseases Soc'y of Am.*, 86 F.4th 701, 704 (5th Cir. 2023) (same); *Edwards v. Schwartz*, 378 F. Supp. 3d 468, 528–29 (W.D. Va. 2019) (similar).

### III. Immediate appeal would not advance the ultimate termination of this litigation.

Finally, interlocutory appeal is only appropriate where it would "materially advance the ultimate termination of the litigation." *Caraballo-Seda*, 395 F.3d at 9. This element is satisfied when a decision on appeal would sharply limit the scope of the case, or terminate it entirely. *See Arcand*, 567 F.2d at 1164; *Philip Morris Inc.*, 957 F. Supp. at 330. To satisfy this element, movant must do more than "conjecture" that appeal would result in the conclusion of the action, *Durand v. Goguen*, 419 F. Supp. 3d 174, 176 (D. Mass. 2019). Ordinarily, this element is not satisfied where reversal would allow the plaintiff to replead its claims, "with possibilities of further interlocutory appeals thereafter." *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002).

9

Here, an appeal would produce nothing but delay, and possibly further litigation. Again, the issues the Aquarium seeks to appeal are inextricably entangled with the facts. Their outcome depends on the allegations set forth in Complaint, and the development of the record in discovery. Thus, even if the Aquarium prevails, remand would be necessary to give Plaintiffs an opportunity to amend their complaint with more detailed allegations.

## CONCLUSION

This Court's denial of the Aquarium's motion to dismiss does not present any exceptional circumstances that would warrant the unusual relief of interlocutory appellate review. The Motion to Certify should be denied.

Dated: Portland, Maine
March 20, 2025

RUPRECHT & BISCHOFF LLP

By: /s/ Clifford Ruprecht
Clifford Ruprecht
75 Market Street, Suite 303
Portland, ME 04101
(207) 618-5400
cruprecht@rb-lawyers.com

*Attorneys for Plaintiffs Bean Maine Lobster, Inc., Maine Lobstermen's Association, Inc., Maine Coast Fishermen's Association, Inc., Maine Lobster and Processing, LLC d/b/a/ Atwood Lobster, LLC, and Bug Catcher, Inc.*

OF COUNSEL:

VENABLE LLP

Edward P. Boyle (admitted *pro hac vice*)
Jeremy C. Sykes (admitted *pro hac vice*)
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 808-5675
epboyle@venable.com
jcsykes@venable.com

Kevin J. Lipson
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4415
kjlipson@venable.com