UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BEAN MAINE LOBSTER, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:23-cv-00129-JAW |
| MONTEREY BAY AQUARIUM FOUNDATION, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON MOTIONS TO CERTIFY FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS PENDING APPEAL**

In a defamation lawsuit, the court certifies for interlocutory appeal two issues identified in its order on motion to dismiss and further orders proceedings in this court stayed pending interlocutory appeal.

## I.     BACKGROUND

On March 14, 2023, Bean Maine Lobster, Inc., Maine Lobstermen's Association, Inc., Maine Coast Fishermen's Association, Inc., Maine Lobster and Processing, LLC d/b/a Atwood Lobster, LLC, and Bug Catcher, Inc. (together, the Plaintiffs) filed a defamation claim against the Monterey Bay Aquarium Foundation (MBAF) based on its statements that the American lobstering industry threatens the North Atlantic right whale with extinction. *Compl.* (ECF No. 1).  MBAF moved to dismiss the complaint on jurisdictional and substantive grounds on May 22, 2023. *Def. Monterey Bay Aquarium Found.'s Mot. to Dismiss for Lack of Pers. Jurisdiction (Fed. R. Civ. P. 12(b)(2)) or, in the Alt., Transfer Venue Due to Forum Non Conveniens (28 U.S.C. 1404(a)), or Dismiss Under Me.'s Anti-SLAPP Statute (14 M.R.S. § 556), or*

*Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (Fed. R. Civ. P. 12(b)(6))* (ECF No. 19).  On February 6, 2025, the Court dismissed MBAF's motion to dismiss, concluding, in relevant part, the Defendant was not entitled to dismissal of the Plaintiffs' defamation claim on its asserted anti-SLAPP grounds or for failure to state a claim.  *Order on Mot. to Dismiss* (ECF No. 56).

On February 27, 2025, MBAF appealed as a matter of right the denial of its motion to dismiss pursuant to the Maine anti-SLAPP statute.  *Notice of Appeal* (ECF No. 67).  MBAF also moved the Court to certify for interlocutory appeal additional issues resolved in the February 6, 2025 order and, further, for the Court to stay proceedings in this Court pending appeal.  *Def.'s Mot. to Certify the Ct.'s Feb. 6, 2025 Order for Interlocutory Appeal* (ECF No. 64) (*Def.'s Certify Mot.*); *Def.'s Mot. to Stay Proceedings Pending Interlocutory Appeal* (ECF No. 65) (*Def.'s Stay Mot.*).

On March 20, 2025, the Plaintiffs opposed the Defendants' request to certify and the motion to stay.  *Pls.' Opp'n to Def.'s Mot. to Certify the Ct.'s Feb. 6, 2025 Order for Interlocutory Appeal* (ECF No. 73) (*Pls.' Certify Opp'n*); *Pls.' Opp'n to Def.'s Mot. to Stay Proceedings Pending Interlocutory Appeal* (ECF No. 74) (*Pls.' Stay Opp'n*).  MBAF replied to each on March 31, 2025.  *Def.'s Reply Mem. in Support of Its Mot. to Certify the Ct.'s Feb. 6, 2025 Order for Interlocutory Appeal* (ECF No. 77) (*Def.'s Certify Reply*); *Def.'s Reply Mem. in Support of Its Mot. to Stay Pending Interlocutory Appeal* (ECF No. 76) (*Def.'s Stay Reply*).

Separately, on March 6, 2025, the Reporters Committee for Freedom of the Press, New England First Amendment Coalition, Maine Center for Public Interest

2

Reporting, and Maine Pro Chapter, Society of Professional Journalists (together, the Amici) requested leave to file an amici curiae brief in support of MBAF's motion to certify the order on the motion to dismiss for interlocutory appeal. *Mot. of the Reps. Comm. for Freedom of the Press, N.E. First Amend. Coal., Me. Ctr. for Pub. Interest Reporting, and Me. Pro Chapter, Soc'y of Pro. Journalists* (ECF No. 72) (*Amici Br.*). The Court granted the Amici's motion on March 28, 2025. *Order* (ECF No. 75).

## II.    MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL

### A.    Legal Standard

Pursuant to 28 U.S.C. § 1292(b), district courts may certify for interlocutory appeal matters: (1) that involve "a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See Caraballo-Seda v. Mun. of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (quoting 28 U.S.C. § 1292(b)). "[A] question of law is 'controlling' if reversal of the district court's order would terminate the action," *Philip Morris, Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997), and a matter poses a "substantial ground for difference in opinion" when the issue involves "one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements*, 746 F.2d 76 & n.1 (1st Cir. 1984). The First Circuit has "repeatedly emphasized that 'interlocutory certification under § 1292(b) should be used sparingly and only in exceptional circumstances,'" *Caraballo-Seda*, 395 F.3d at 9 (quoting *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986)), and does "not normally allow an appeal from a denial of a motion to dismiss." *McGillicuddy*, 746 F.2d at 76 n.1.

**B.    Discussion**

The Court considers MBAF's motion for interlocutory appeal of two issues in its February 6, 2025 order under the requirements of 28 U.S.C. § 1292(b).

### 1.    Statements Affecting Members of a Specialized Industry

To bring a defamation claim under Maine law, a plaintiff must establish that the defendant made a defamatory statement "of or concerning" the plaintiff.  *See Robinson v. Guy Gannett Publ'g Co.*, 297 F. Supp. 722, 725 (D. Me. 1969) (citation omitted).  In its February 6, 2025 order, the Court applied the exception to the general group defamation bar for when a member of the group can show "special application of the defamatory matter to him[self or her]self," *Sullivan v. Chester Water Auth.*, No. 2:22-cv-00147- JDL, 2022 U.S. Dist. LEXIS 130080, at *32 (D. Me. July 22, 2022)), because the Defendant's statements detrimentally affected in a similar way all lobstermen who fish within the Gulf of Maine or Georges Bank, which includes each of the Plaintiffs, and the Plaintiffs presented evidence of their respective injuries.

### a.    Controlling Question of Law

Eligibility for this exception depends on a showing of "special application" of the defamatory statement to the plaintiff, not merely downstream effects.  *Chester Water Auth.*, 2022 U.S. Dist. LEXIS 130080, at *32.  The question of whether statements that discretely affect members of a specialized industry qualify as "special application" for the purposes of the "of and concerning" exception is a legal principle to be determined prior to application to the facts of the case.  The Court further concludes that this issue is "controlling" because reversal on the issue would likely "terminate the action." *Harshbarger*, 957 F. Supp. at 330.

4

### b.    Substantial Ground for Difference of Opinion

In its February 6, 2025 order, the Court recognized "Maine courts have not expanded upon [] carve-outs to the so-called group libel rule," nor has the First Circuit definitively ruled on the availability of defamation claims for a plaintiff's harms as a result of statements against a specialized industry. *Order on Mot. to Dismiss* at 105. The Court thus concludes a substantial ground for disagreement exists on this issue.

### c.    Effect of Appeal on Ultimate Termination of Litigation

Because an interlocutory appeal may dispose of the defamation claim entirely, the Court concludes that certifying this issue for interlocutory appeal advances the ultimate termination of the litigation.

### 2.    Statements Made based on Selective Scientific Evidence

In its February 5, 2025 order, the Court held MBAF's statements did not "g[i]ve information from which readers might draw contrary conclusions" nor "outline[] the facts available to it . . . and [left] the reader free to draw his own conclusions," as the First Circuit has required of speakers to qualify for constitutional protections. *Order on Mot to Dismiss* at 118 (quoting *Phantom Touring, Inc. v. Affiliated Pubs.*, 953 F.2d 724, 730 (1st Cir. 1992); *Riley v. Harr*, 292 F.3d 282, 297 (1st Cir. 2002)).

### a.    A Controlling Question of Law

Whether the law deems statements made in a scientific context, despite knowledge of contradictory evidence, to be protected opinion in the context of a motion to dismiss presents a question of law. Further, as a First Circuit ruling that MBAF's

statements are protected speech would "terminate the action," *Harshbarger*, 957 F. Supp. at 330, the Court concludes this issue presents a controlling issue of law.

### b.    Substantial Ground for Difference of Opinion

The Court's February 6, 2025 order extended the principles of *Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517 (1st Cir. 2023), to the scientific statements in this case. However, due to the important factual distinctions between the mediums containing the allegedly defamatory statements in *Conformis* and the instant case, *Conformis* cannot be said to have "settled" the issue. Thus, there is no controlling First Circuit authority on this issue and a substantial basis for difference in opinion exists.

### c.    Effect of Appeal on Ultimate Termination of Litigation

Similar to the first issue, should the First Circuit determine MBAF's statements constitute protected opinion, the Plaintiffs' complaint may be entirely dismissed or at least substantially narrowed. As such, an interlocutory appeal of this issue progresses this litigation towards ultimate termination.

### 3.    Summary of Conclusions on Motion for Certification

Based on the foregoing, the Court certifies its February 6, 2025 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). However, the Court notes its disagreement with the Defendant's elucidation of the issues for certification, concluding the MBAF's proffered framing misrepresents the issues that the Court addressed in its order. Thus, with the understanding that 28 U.S.C. § 1292(b) contemplates certification of "orders," not issues, and of course, that the First Circuit may address any issue fairly included in the certified order, *see, e.g.*, *Tristani v.*

*Richman*, 652 F.3d 360, 366 (3d Cir. 2011), the Court in its discretion characterizes the two issues for interlocutory appeal as follows:

1. Whether the "of and concerning" exception to the group libel rule applies to defamation claims brought by a plaintiff group consisting of lobstermen who each suffered similar demonstrable economic harms as a consequence of defamatory statements made against the American lobster as a commercial product;

2. Whether, accepting the allegations of the complaint as true at the motion to dismiss stage, statements constitute protected scientific opinion as a matter of law where as a matter of fact, the complaint alleges the scientific assertion is factually false and the speaker deliberately ignored and did not disclose the existence of contradictory evidence of which it was aware at the time it made the statements.

## III. MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL

### A. Legal Standard

The Supreme Court has distilled the relevant legal principles for issuance of a stay into four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of the traditional standard are the most critical" and "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" *Id.* at 434 (citation omitted). The party requesting a stay bears the burden of showing that the circumstances justify a court's exercise of that discretion. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

### B.    Discussion

#### 1.    Likelihood of Success on the Merits

MBAF first appealed the Court's denial of its motion to dismiss on anti-SLAPP grounds.  The Maine Supreme Judicial Court has held that a plaintiff must present only "some evidence" that the defendant's petitioning activity was devoid of factual support and caused actual injury to survive an anti-SLAPP motion to dismiss.  *See Nader v. Me. Democratic Party (Nader I)*, 2012 ME 57, ¶ 36, 41 A.3d 551.  Here, Plaintiffs presented evidence that the lobster fishing industry does not threaten the North Atlantic right whale with extinction, that it provided this evidence to MBAF prior the allegedly defamatory statements, and of actual injury through lost revenue.  *Order on Mot. to Dismiss* at 96-99.  The Court concludes MBAF is unlikely to succeed on the merits of its anti-SLAPP appeal.

Turning to the two issues certified for appeal under 28 U.S.C. § 1292(b), however, the Court concludes the lack of controlling authority from Maine courts or the First Circuit, coupled with the evidence of contrary decisions from other courts as collected by the Defendant and Amici, make an adequate showing of likelihood of success on the merits (as that phrase is defined in this context), and thus that this factor weighs in favor of granting the Defendant's request for stay.

#### 2.    Irreparable Harm Absent a Stay

Maine courts consistently stay cases pending anti-SLAPP appeal "because a failure to grant review of these decisions at this stage would impose additional litigation costs on defendants, the very harm the statute seeks to avoid, and would result in a loss of defendants' substantial rights."  *Schelling v. Lindell*, 2008 ME 59,

¶ 8, 942 A.2d 1226 (Me. 2008).  The District of Maine has adopted the same approach.  *See, e.g.*, *Order on Mot. to Stay* at 1 (ECF No. 66), *Franchini v. Bangor Publ'g Co.*, No. 1:18-cv-00015-GZS (D. Me. Apr. 25, 2019).  Permitting this case to proceed before resolving the anti-SLAPP appeal obviates the purpose of such an appeal by allowing litigation costs to accrue on the Defendant regardless of victory on this issue.  The Court views litigation costs in a broad sense, encompassing not merely attorney's fees and expenses, but the time, trouble, and devotion of resources to the defense of this case during ongoing discovery.  It is these broader litigation costs, in particular, that the Court concludes would constitute irreparable harm.  In sum, the Court thus concludes irreparable harm to MBAF supports staying trial court proceedings for the pendency of the anti-SLAPP appeal.

Regarding the issues certified for appeal pursuant to 28 U.S.C. § 1292(b), Plaintiffs largely contest the requested stay in the conditional sense, asserting that if the motion to certify is denied then no good cause exists for a stay.  *Pls.' Opp'n* at 4.  This argument is inapposite where, as here, the Court certified the issues for appeal.  Plaintiffs alternatively request a stay "limited in scope to the anti-SLAPP defense."  *Id.* at 6.  The Court is unpersuaded.  14 M.R.S. § 556 states an anti-SLAPP motion stays "[a]ll discovery proceedings."  As explained, permitting discovery to proceed would contravene the anti-SLAPP statute's purpose of shielding defendants from litigation costs arising from protected speech.  The Court concludes MBAF's rights under 14 M.R.S. § 556 would be irreparably harmed absent the requested stay.

### 3.    Injury to Other Interested Parties through a Stay

Regarding injury to Plaintiffs as a result of a stay, Plaintiffs emphasize the "risk that witnesses become unavailable or forget relevant events, or that documentary evidence is lost" and argue such risks are "borne primarily by the Plaintiffs." *Pls.' Opp'n* at 4-5.    However, such risks exist in every stayed case, Plaintiffs have not explained why the risks are exacerbated here, and these risks equally apply to MBAF, whose defenses require supporting evidence.    Plaintiffs claim that their damages will mount during pendency of the appeal also fails because, as MBAF correctly replies, any such additional damages would be recoverable if Plaintiffs ultimately prevail in the case.    The Court thus concludes any harm to the Plaintiffs pales in comparison to the potential loss of substantive rights guaranteed under 14 M.R.S. § 556 absent a stay pending MBAF's anti-SLAPP appeal.

### 4.    Public Interest

The Maine State Legislature intended 14 M.R.S. § 556 to enshrine the constitutional right of petition by protecting speakers not just from liability, but from the burden of trial itself.    *See Godin v. Schencks*, 629 F.3d 79, 85 (1st Cir. 2010). Permitting this case to proceed at trial court during the pendency of appeal would contravene this purpose and thus chill First Amendment rights.    *See Morse Bros. v. Webster*, 772 A.2d 842, 848 (Me. 2001).    The public also has an interest in an efficient judiciary.    As discussed, the current appeal may advance the ultimate termination of this litigation by dismissing, or substantially narrowing, the case.    Proceeding with discovery in the trial court while the First Circuit considers a potentially dispositive appeal would be an inefficient use of the Court's and the parties' time and resources.

10

At bottom, the Court concludes the *Nken* factors weigh in favor of granting the Defendant's requested stay of trial court proceedings pending interlocutory appeal.

## IV.    CONCLUSION

The Court GRANTS Monterey Bay Aquarium Foundation's Motion to Certify the Court's February 6, 2025 Order for Interlocutory Appeal (ECF No. 64) on the two issues specified in this order.

Further, the Court hereby GRANTS Monterey Bay Aquarium Foundation's Motion to Stay Proceedings Pending Interlocutory Appeal (ECF No. 65) and thus orders this case STAYED pending judgment and mandate of the Court of Appeals for the First Circuit.

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2025

11